## MIXON *v*. PEKIN COOPERAGE COMPANY.

## Opinion delivered November 23, 1914.

1. MASTER AND SERVANT—INEXPERIENCED SERVANT—DUTY TO WARN OF DANGER.—It is the duty of a master to give proper instructions and to warn the inexperienced servant of patent as well as latent dangers.

2. MASTER AND SERVANT—DUTY TO WARN SERVANT.—Where the circumstances are such that the master is under the duty of warning and instructing an inexperienced servant, that duty is not necessarily performed by simply instrucing the servant how to do his work, but this instruction must be accompanied by the caution that injury may result if the directions are not obeyed, and whether proper instructions and warnings have been given are questions for the jury.

Appeal from Greene Circuit Court; *J. F. Gautney,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant sued to recover damages to compensate an injury sustained by him while employed at appellee's mill. His injury was sustained in the following manner: He was employed about a stave planer in appellee's stave mill at Paragould, Arkansas, and his duty was to catch the staves as they emerged from the planer, and place them on a wheelbarrow standing at hand. The planer sits east and west in the mill, and at the east end of the machine, where the staves emerged, a table stood, which was thirty-two inches long, twenty-six inches high, and eight inches wide. At the east end stood a table, and at right angles to it, a wheelbarrow stood. A feeder stood on the west side of the planer, through which the staves passed. When the staves emerged from the machine on the east side, they would drop upon the table placed there for that purpose. The plaintiff stood be-

tween the handles of the wheelbarrow at the east end of the table to catch the staves as they fell upon the table to place them on the wheelbarrow. The machine was equipped with a pair of revolving knives, which were secured to a mandrel set in boxing in the machine. The upper knife was near the middle of the machine, and the bottom knife, the only one with which this case is concerned, being the knife upon which plaintiff was injured, was set some six inches from the east end of the machine. This knife was seven and one-half inches long, set on the mandrel in boxing ten and one-half or eleven inches wide. A metal place, five inches wide, covered the center of the knife, leaving about two inches exposed at each end. The staves passing over this knife would cover it up entirely. The table upon which the staves fell was a portable one, made so purposely, so that it could be removed without difficulty, and placed so that the knives could be adjusted as occasion might require. But to keep the table in place during the operation of the machine, a strip of wood, or cleat, twelve inches long, two inches wide, and one inch thick, was nailed to the floor behind the table legs. While standing at the east end of this table, some thirty inches, or more, from the bottom knife by which he was injured, and while in the act of pulling a stave from the planer, as it was emerging therefrom, appellant fell forward towards the machine and, throwing out his hand in some manner inserted it in the boxing where the bottom knife was set, and under the stave which was passing from the planer, and so severely injured his hand as to require its amputation.

There was some evidence offered touching the practicability of placing a hood over the knives; but it was shown that this was not done in machines like the one upon which appellant was injured; and that issue has passed out of the case and is not insisted upon as constituting negligence upon the part of appellee.

Appellant was an illiterate country boy, about seventeen years old at the time of the injury, and when he was

first employed by apellee he was given employment rolling a wheelbarrow and "working a little bit at the heading planer;" but this employment was at the heading mill, and he went from there to the stave mill, where he was injured, after having worked a month or two at the heading mill. Appellant testified that he was standing between the handles of the wheelbarrow to catch the staves as they came out of the planer, and was placing them on the wheelbarrow, which came up just east of the table, and that the table was being kept in position by a strip of wood nailed to the floor, and that he did not know of the location of this strip or cleat until he stumbled over it. He testified further that the knife was located in a rather dark place under the shed, and that he was first put at work there on the day previous to his injury, and had only worked there altogether about a day and a half. He admitted that he pulled on the stave as he stumbled, and the inference may be fairly drawn from his statement that his act in so pulling on the stave caused him to stumble on this cleat, of the presence of which he testified he was ignorant. He further admitted that he had been told more than once not to pull on the staves, but to wait until they had entirely emerged from the machine and had dropped upon the table placed for their reception. The evidence is that if one pulled on the staves, and lifted them up, as they came out of the knives their edges would be nipped by the knives, and this was an improper thing to do. But appellant denied that he had been cautioned that pulling on the staves might damage the staves, and he also denied that any warning was given him that he would place himself in danger by doing so. Appellant further testified that small shavings accumulated from the knives, which caused the soles of his shoes to become slick, and that, although there was a suction pipe to carry them away, they were not always carried away, but there was always some accumulation of them on the floor.

At the conclusion of the evidence in the case the court directed a verdict in behalf of appellee, and this appeal has been duly prosecuted.

*W. W. Bandy,* for appellant.

The court erred in directing the verdict against the plaintiff because,

(1) The appellee did not exercise ordinary care to provide appellant a safe place in which to work. 104 Ark. 1.

(2) Appellant did not assume the risk. When inexperienced minors are employed to work around steam driven or other dangerous machinery, it is the duty of the employer not only to instruct them in the manner in which their work should be done, but also to warn them of all patent and latent dangers incident thereto. 90 Ark. 407; *Id.* 473-481; 97 Ark. 180; 108 La. 468; 12 Am. Neg. Rep. 256; 50 La. 717; 197 N. Y. 594; 128 Ia. 261; 200 Mass. 242; 171 Mich. 23.

*Bloch & Kirsch* and *Wynne & Harrison,* for appellee.

No liability is shown. The proof is uncontradicted that appellant had been repeatedly warned not to pull the staves from the machine, but to let them fall upon the table. Under the proof, it can not be questioned that had he heeded these instructions and warnings of the appellee, the acident would not have occurred. There was no error in directing the verdict. 56 Ark. 237; 97 Ark. 180, and cases cited; 1 Labatt, Master and Servant, 562, § 248.

SMITH, J., (after stating the facts). The theory upon which appellant seeks to recover in this case is that the master negligently failed to warn him of the danger of falling against the knives and in not instructing him how to perform his duties safely.

(1) It is the duty of the master to give proper instructions and to warn the inexperienced servant of patent as well as latent dangers, and the jury might have found from the evidence that appellant, by reason of his youth and inexperience, was ignorant of the dangers in-

cident to his employment, and that the master, in the exercise of due care, should have warned and instructed him.

It is true that the evidence shows, and appellant admits, that he was directed not to pull on the staves as they emerged from the knives, and it is no doubt true that his disobedience of this direction, in concurrence with his act of striking his foot against the cleat, may have been the proximate cause of his injury. But if the jury had believed the statement made by appellant, as we must assume it would have done, a verdict having been directed, they would have found the fact to be that no reason for this direction about pulling on the stave was given appellant and he was not advised that it was dangerous for him to do so.

(2) Where the circumstances are such that the master is under the duty of warning and instructing an inexperienced servant, that duty is not necessarily performed by simply instructing the servant how to do his work, but this instruction must be accompanied by the caution that injury may result if the directions are not obeyed. This duty is recognized in many cases, among other cases, in the case of *St. Louis Stave & Lumber Co.* v. *Sawyer*, 90 Ark. 473, in which case an illiterate, inexperienced servant, nineteen years of age, was injured as the result of his failure to perform his duty in the manner in which he had been directed, and in that case it was said:

"In the present case it was still a question for the jury, even if appellant had 'instructed him in regard to the work of lacing and mending belts,' as to whether he understood and appreciated the dangers connected therewith when the belt was allowed to rest on the revolving line shaft. For, while there is evidence that appellant told appellee and others to hold a belt while being laced 'clear from the line shaft and the pulleys,' there is no testimony that appellant instructed appellee of the specific danger in not so holding it. It can not be said as

matter of law that a boy of the restricted knowledge and experience of appellee would understand and appreciate the danger unless specifically advised of it."

The doctrine just stated was reaffirmed in the case of *Holmes* v. *Bluff City Lumber Co.*, 97 Ark. 180, in which case there was not only a direction as to the manner of performance of the work, but also a caution as to the danger of not following the direction, and it was there said:

"While there were instructions in the case of *St. Louis Stave & Lbr. Co.* v. *Sawyer, supra,* as to how the work should be done and as to what the servant should not do, there was no warning as to the danger and consequent injury that would result if the instructions were not followed. But in the case at bar the servant was specifically warned of the danger."

A number of our cases were there cited, which illustrate the master's duty in regard to instructing and warning an inexperienced servant.

The verdict was directed by the court below upon the theory that the master was guilty of no negligence, and that question alone is discussed in the briefs. But it follows from what we have said that the jury should have been permitted to pass upon the necessity for and sufficiency of the instructions given appellant, and that question should be submitted along with the question of appellant's assumption of risk and contributory negligence.

For the error in directing a verdict the judgment will be reversed and the cause remanded.