PEKIN COOPERAGE COMPANY *v.* MIXON.

Opinion delivered February 14, 1916.

1. MASTER AND SERVANT—YOUTHFUL AND INEXPERIENCED SERVANT—DUTY TO INSTRUCT AND WARN.—A youthful servant assumes the risks of dangers ordinarily incident to his employment, notwithstanding the fact that he is inexperienced in the work, if he has been properly instructed and warned, and is made to appreciate the dangers of the service. It is only when the master fails to give such instruction and warning, which constitutes negligence, that there is no assumption of the risk by the inexperienced servant.

2. MASTER AND SERVANT—YOUTHFUL SERVANT—ASSUMPTION OF RISKS.—A youthful servant assumes the dangers of his employment, which he is made aware of, and fully appreciates.

3. INSTRUCTIONS—ERRONEOUS INSTRUCTION—PREJUDICIAL ERROR.—An instruction which is inherently wrong, can not be cured by the giving of an instruction which states the opposite doctrine.

Appeal from Greene Circuit Court; *N. F. Lamb,* Special Judge; reversed.

*Block & Kirsch* and *T. D. Wynne,* for appellant.

1. When an employer does discharge his duty by giving warning and instructions to his minor servant, he exonerates himself from liability for any injury that might result from the risks and dangers arising from the employment. 115 Ark. 380; 56 Ark. 237; 97 *Id.* 180; 1 Labatt on Master & Servant, Ch. 16, § 248, p. 562.

2. It was error to give instruction No. 3 for plaintiff. It is not the law. 104 Ark. 499; 1 Labatt on M. & S., par. 291 and p. 1020, § 388; 63 Mich. 478; 30 N. W. 109; 100 Mich. 276, 58 N. W. 999; 32 N. Y. Supp. 748; 139 N. Y. 458; 75 Md. 464; 81 N. W. 259; 87 *Id.* 729; 140 N. Y. 450; 117 *Id.* 658; 23 N. W. 624; 55 Fed. 943; 39 Ark. 17; 36 Am. Rep. 454; 6 L. R. A. 733. It conflicts with No. 10 given for defendant. 99 Ark. 385; 72 *Id.* 31; 74 *Id.* 437; 61 *Id.* 141.

*W. W. Bandy,* for appellee.

1. It is the duty of the master to give proper instructions and to warn the inexperienced servant of patent as well as latent dangers. 115 Ark. 380; 90 Ark. 417; 90 *Id.* 473; 97 *Id.* 180.

2. Instruction No. 3 given is not erroneous. It states the rule correctly. Labatt on Master & Servant, section 291. Taking this with No. 10 given for defendant together they express the respective theories of both parties. They are not inconsistent. 83 Ark. 61; 120 Ark. 350; 99 Ark. 377; 90 *Id.* 482.

McCULLOCH, C. J. The plaintiff, Roney Mixon, received personal injuries while working for the defendant, Pekin Cooperage Company, at the latter's mill. He received the injuries during the month of May, 1913, and he was seventeen years of age at that time. It was the duty of plaintiff to remove staves from a table after they came through the planing machine, and to put them upon a wheelbarrow and haul them away. While standing at the end of the table, and in the act of pulling a stave from the planer as it emerged therefrom, plaintiff lost his balance and fell towards the machine, and, throwing out his hand, inserted it into the boxing where the knives were set, and his hand was severely injured, requiring amputation.

In a former trial of the case the court instructed the jury to return a verdict in favor of the defendant, and the plaintiff prosecuted an appeal to this court. We held on that appeal that there was no evidence of negligence on the part of the defendant concerning the machinery and other appliances furnished, but that there was enough evidence to warrant a submission to the jury of the question whether or not the plaintiff was inexperienced in the duties that he was expected to discharge and was unadvised as to the dangers incident to the work, and that defendant was guilty of negligence in failing to give him proper instructions as to his duties and a warning of the danger. For that reason it was decided that the peremptory instruction in defend-

ant's favor was erroneous, and the cause was remanded with directions for a new trial. 115 Ark. 380, 170 S. W. 1163.

On the remand of the case there was another trial, which resulted in a verdict in favor of the plaintiff. The evidence in the case at the last trial was substantially the same as that adduced at the former trial, and the issue to be submitted was unchanged. There was no attempt to show that the defendant was guilty of negligence other than that of failing to properly instruct the plaintiff as to his duties and the dangers incident to the discharge thereof under the circumstances shown in the evidence. There was, according to the decision of the case on the former appeal, sufficient to warrant the submission of that issue to the jury.

There is only one assignment of error which we deem it necessary to discuss, and that relates to the giving of instruction No. 3, over the defendant's objections. The instruction reads as follows:

"3. It was the duty of defendant to exercise ordinary care to furnish to plaintiff a reasonably safe place in which to perform his duties. And while an adult person, upon entering the employ of another, assumes all of the risks and dangers ordinarily incident to such employment, yet this rule does not prevail as to youthful and inexperienced servants. They do not assume such dangers."

The court also gave the following instruction, at the request of the defendant. "10. You are instructed that the mere fact that the plaintiff was not of age at the time of the accident is not sufficient to enable him to recover damages in this case, if he was able to appreciate the dangers incident to his employment. So, if you believe from the evidence that he was aware of and appreciated the danger of coming in contact with the knives of the planing machine in question, and of working about said machine, then he assumed the risk of injury from such danger and can not recover damages."

(1) Instruction No. 3 was incorrect for the reason that it contains the unqualified statement that a youth-

ful and inexperienced servant does not assume the risk of dangers ordinarily incident to his employment. He does assume such risks unless the master has been guilty of negligence in failing to give instructions as to the discharge of the duties and warning of the dangers attending the performance thereof. In other words, a youthful servant assumes the risks of dangers ordinarily incident to his employment, notwithstanding the fact that he is inexperienced in the work, if he has been properly instructed and warned and is made to appreciate the dangers of the service. It is only where the master fails to give such instruction and warning, which constitutes negligence, that there is no assumption of the risk by the inexperienced servant.

(2-3) It is contended by counsel for the plaintiff, in defense of the court's action, that instruction No. 3 is qualified by instruction No. 10 given at the instance of the defendant, and that the two when read together present the law of the case as a harmonious whole. We do not think that the instructions can be read together so as to harmonize with each other. They are directly in conflict with each other, for instruction No. 10 properly told the jury that the plaintiff assumed the risk of dangers which he was made aware of and fully appreciated. Instruction No. 10 perhaps contains a stronger statement of the law than defendant was entitled to, in that it said nothing about instruction as to the method of doing the work; but, at any rate, it did not cure the conflicting statement of the law contained in instruction No. 3. In other words, instruction No. 3 was inherently wrong and could not be cured by another instruction which stated the opposite doctrine. *St. Louis, I. M. & S. Ry. Co.* v. *Hitt,* 76 Ark. 227; *Helena Hardwood Lumber Co.* v. *Maynard,* 99 Ark. 377. The case does not fall within that class where it has been found that the instructions which are inaccurate when read alone, may be found to be in harmony and present the whole law of the case when read together. *St. Louis S. W. Ry. Co.* v. *Graham,* 83 Ark. 61.

For the error in giving instruction No. 3, the judgment must be reversed and the cause remanded for a new trial.