EDWIN L. EVANS, by Next Friend, v. GENERAL EXPLOSIVES COMPANY, Appellant.

Division Two, April 7, 1922.

1. BRIEF: Failure to Comply With Statute and Rule. Where the appellant, in preparing his brief, fails to make out and furnish tho court with a clear and concise statement of the case and the points intended to be insisted upon in argument, as required by Section 1511, Revised Statutes 1919, and Rule 15 of the Supreme Court, the court is authorized to restrict its consideration of the case to the record proper. Notwithstanding such failure in this case, the court has given appellant's assignments of error such consideration as will prevent its suffering vicariously.

2. NEGLIGENCE: Demurrer to Evidence: Inferences. In passing upon the demurrer to the evidence in an action for damages claimed to have been caused by negligence, it was the duty of the trial court to make every inference of fact in plaintiff's favor that the jury might make with any degree of propriety, and, in so doing, the court was not at liberty to make inferences of fact in favor of defendant to countervail either presumptions of law or inferences of fact in favor of plaintiff.

3. ———: ———: Substantial Evidence: Verdict Conclusive. In an action at law, where the verdict is supported by substantial evidence, it is conclusive as to the facts, and unless there was reversible error committed in the admission or rejection of testimony or in the giving or refusing of instructions, the judgment must be affirmed.

4. ———: ———: Assumption of Risk by Minor: Duty to Warn. Although the danger in operating machinery may be visible, if, by reason of the youth and inexperience of the operator, he does not realize the danger to which he is exposed, it is the duty of the employer to warn him of his peril. And in this case, where plaintiff, a boy between seventeen and eighteen years of age, was re-

quired to operate a cotton wringer in a powder factory, with no previous experience in such operation and with no information as to its character and no directions as to its operation and no warning as to the dangers incident thereto, the presumption of law was not inferable that he was aware of the danger to which he was exposed, and hence the question of defendant's liability was properly submitted to the jury.

5. ——: ——: **Two Causes: Master Liable for Both.** Where the servant suffers an injury which the proof shows was the direct result of one of two or more causes, all created by the negligence of the master alleged in plaintiff's petition, the plaintiff does not have to single out the specific act or cause in order to recover; and the rule that where the injury may have been the result of one of two causes, for one of which the master would not be liable, the burden is upon the servant to prove that the cause of his injury was due to the master's negligence, does not apply.

6. ——: ——: **Minor Conforming to Usage.** Where defendant's superintendent knew that the employees in defendant's powder factory used a chisel to steady the basket in a cotton wringer which, while in operation, made from nine hundred to fourteen hundred revolutions per minute, it was his duty, if such use was dangerous, to warn plaintiff, a minor between seventeen and eighteen years of age and with no experience in the operation of such wringer and no knowledge of the danger attending the same, when he set him to operating such machine, and plaintiff's following the example of others in such use of such chisel was not such negligence as would preclude the submission of his case to the jury.

7. ——: **Argument to Jury: Value of Money.** In a suit, by a minor servant against his master, for damages for personal injuries alleged to be due to the master's negligence, where the injury consisted in plaintiff's right arm being entirely torn from his body at the shoulder, it was not prejudicial error for his counsel in arguing the case to the jury to say, "Gentlemen of the jury, there was a time when juries in cases of this kind would bring in a verdict for plaintiff for from eight to ten thousand dollars, but the purchasing power of the dollar is only one half now what it was then," inasmuch as such remarks could not have misled or improperly influenced the jury, and it was evident that counsel's comparison was based on his own knowledge and was made by way of illustration and could not have been otherwise understood.

8. **EXCESSIVE VERDICT: Loss of Arm: $20,000.** A verdict for twenty thousand dollars was not excessive, where plaintiff, a boy between seventeen and eighteen years of age, in good health, with

an excellent physique and bright mind, of regular life and industrious habits and having a high school education, had his right arm torn from his body at the shoulder by reason of the negligence of defendant, his master.

9. NEGLIGENCE: Wobbling Machine: Steadied by Chisel: Custom. Where plaintiff, a minor, was suing his employer for damages for the loss of an arm suffered while he was operating a cotton wringer in defendant's powder factory, it was proper to admit testimony of witnesses, who had operated the wringer before plaintiff, to the effect that they had, when the basket of the wringer wobbled, steadied it with their hands; the purpose of such testimony being to meet the charge of contributory negligence by showing the custom of adult employees of defendant and as tending to show defendant's knowledge of the practice and, if dangerous, that plaintiff should have been warned.

10. ———: ———: ———: Others Injured. Where plaintiff sued his employer for the loss of an arm suffered when he undertook to steady, with a chisel held in his right hand, the rapidly revolving basket of a cotton wringer in defendant's powder factory, it was proper to permit a witness to testify that he received an injury while placing his hand in the basket, inasmuch as defendant was denying that plaintiff's injury happened or could have happened by his putting his hand in the basket.

11. ———: Exhibiting Person to Jury. There was no error in the trial court's permitting plaintiff to remove his coat and exhibit to the jury his shoulder from which his arm has been torn while operating a machine in defendant's powder factory; the general rule being that a plaintiff, with a proper regard for the bounds of propriety, may exhibit an injured member, or a portion of his body, to the jury for the purpose of showing the extent of his injury.

12. ———: Instructions: Designation of Dangerous Machine. Where plaintiff was suing his employer for damages for loss of an arm suffered while he was operating a cotton wringer in defendant's powder factory, an instruction was not misleading, which hypothesized all the pertinent facts necessary for the jury to find in rendering their verdict, but in referring to the operation of the wringer used the words "cotton mixer" as well as "cotton wringer," instead of using the latter words alone.

13. ———: ———: Knowledge of Danger. Nor was such instruction erroneous, as assuming that plaintiff knew nothing of the danger of operating such wringer, where it required the jury to find that defendant knew, or by the exercise of ordinary care could have known, that the plaintiff was without knowledge of the danger,

if any, in operating the wringer, and that defendant, with such knowledge, instructed him to operate it without warning and that plaintiff, without knowledge of such danger, undertook to steady the wringer and in so doing was in the exercise of ordinary care, as defined in the instructions, then plaintiff was entitled to recover.

14. ——: ——: ——: **Too Favorable to Defendant.** Such instruction was more favorable to defendant than it was entitled to, in that it required the plaintiff to have been without knowledge of the danger, whereas the plaintiff's knowledge of the peril would not be sufficient to defeat his right to recover, unless the defective condition of the machinery was of so glaring a nature as to threaten immediate injury.

15. ——: ——: **Concealed Danger: Duty to Warn.** Where the danger is concealed and is known to the employer but not to the employee, it is the duty of the former to notify the latter of its existence and a failure to do so constitutes negligence as a matter of law. In this case the jury found that no warning had been given to plaintiff and that he was in the exercise of ordinary care When injured, and as the instruction sufficiently alleged these elements it was not erroneous.

16. ——: ——: ——: **Failure to Warn.** Where plaintiff, a boy between seventeen and eighteen years of age, was put to work by defendant at operating a cotton wringer in defendant's powder factory, he having had no previous experience at such work and not having held himself out as having such experience, it was defendant's duty to warn him of the source from which danger might come in the operation of such wringer and to give him such explicit information in regard thereto as to have enabled him to avoid injury. Therefore, it was not error for the trial court to give an instruction to the jury to the effect that if plaintiff was exercising that degree of care reasonably expected of a prudent person of his age, experience and capacity, and that defendant, with knowledge of his youth and inexperience, failed to warn him of the danger of operating the wringer and of the proper method of using the same, and by reason thereof he was injured, then he was entitled to recover.

17. ——: ——: **Refusing Defendant's Instructions.** Instructions asked by defendant were properly refused where such instructions were covered by others already given, or ignored material evidence in the case.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*M. V. Kannally* and *H. S. Miller* for appellant.

(1) The court erred in refusing to give the declaration in the nature of a demurrer to the evidence, requested by the defendant at the close of plaintiff's case, and also at the close of all the testimony. Beckstein v. Central Star Laundry Co., 124 N. Y. Supp. 446; Doerr v. Brewing Assn., 176 Mo. 556; Finuta v. Manufacturing Co., 174 Mo. App. 87; Stegman v. Gerber, 146 Mo. App. 104; Nugent v. Milling Co., 131 Mo. 245; George v. Mfg. Co., 159 Mo. 333; Hirsch v. Bread Co., 150 Mo. App. 162; Maupin v. Miller, 164 Mo. App. 149; Pohlmann v. Foundry Co., 123 Mo. 219; Smith v. Box Co., 193 Mo. 715; Pirkowski v. Rope Co., 190 Mo. App. 597; Baker v. Lusk, 199 Mo. App. 46. (a) In the case at bar, although this plaintiff was under twenty-one years of age, yet he was well educated and had had a great deal of experience in and about machinery, and in such case the law is clear he is held to the same responsibility as an adult. Levi v. Bigelow, 6 Ind. App. 677; Goff v. Ry. Co., 36 Fed. 299; De Graff v. Ry. Co., 76 N. Y. 125; Crown v. Orr, 140 N. Y. 450; Jones v. Roberts, 57 Ill. App. 56; White v. Lithographing Co., 141 N. Y. 631; Hayden v. Mfg. Co., 29 Conn. 548; Mill Co. v. Spear, 145 Ill. 329; Trobert v. Phipps, 149 Mass. 258; Gilbert v. Gill, 144 Mass. 601; Luebecke v. Mach. Wks., 88 Wis. 442; Sanborn v. Ry., 35 Kan. 292; Stegman v. Gerber, 146 Mo. App. 104. (b) No duty rests upon the employer to notify the minor of the ordinary dangers of his employment which the latter knows and appreciates; and as to those that are so apparent and open that one of his age, capacity and experience, in the exercise of ordinary care, knows and appreciates, the minor is governed by the same rules as the adult. He assumes these risks by entering upon or continuing in the employment, and no negligence can be charged to the master because he fails to give futile notice and warning of those dangers which the minor knows

and appreciates or ought to know and appreciate.   En-- gine Works v. Randall, 100 Ind. 293; Berger v. Ry. Co., 39 Minn. 78; Sullivan v. Mfg. Co., 113 Mass. 396; Jones v. Phillips, 39 Ark. 38.   (c)   If this court should hold that the danger in this case was open, obvious and patent, then, regardless of any negligence on the part of the defendant in this case, plaintiff cannot recover.   Roberts v. Telephone Co., 166 Mo. 378; Steinhauser v. Spraul, 127 Mo. 562; Junior v. Light Co., 127 Mo. 83; Mathis v. Stock Yards Co., 185 Mo. 445; Herbert v. Boot & Shoe Co., 90 Mo. App. 316; Hirsch v. Bread Co., 150 Mo. App. 171.   (2)   The court erred in permitting the attorney for the plaintiff to argue as to what juries may have done or may not have done in former trials of similar cases. This was error for which a new trial must be granted. Gibson v. Zeibig, 24 Mo. App. 65; Holliday v. Jackson, 21 Mo. App. 670; Wilburn v. Railroad, 48 Mo. App. 232; Barnes v. St. Joseph, 139 Mo. App. 550; Haines v. Town of Trenton, 108 Mo. 133; Ritter v. Bank, 87 Mo. 576; Evans v. Trenton, 112 Mo. 404.   (3)   The verdict ren- dered in this case is so highly excessive and so grossly exorbitant and unjust as to show passion and prejudice on the part of the jury.   Farrar v. Railroad, 249 Mo. 227; Kinney v. Railroad, 261 Mo. 97; Phippin v. Rail- road, 196 Mo. 321; Burdict v. Railroad, 123 Mo. 221; Lessendon v. Railroad, 238 Mo. 247; Hill v. Electric Co., 260 Mo. 43; Williams v. Wabash, 175 S. W. 900; Apple- gate v. Railroad, 252 Mo. 173; Ostertag v. Railroad, 261 Mo. 457; Davenport v. Electric Co., 242 Mo. 111. (4)   The court erred in admitting incompetent, irrele- vant and immaterial evidence on behalf of the plaintiff. (5)   Likewise the court erred in permitting the plaintiff to detach his artificial arm and exhibit the stump of his arm to the jury, together with all the harness in con- nection therewith, and remove the same from his body before the jury, there having been no dispute as to the arm being lost.   (6)   The court erred in giving instruc- tion 1 to the jury at the request of the plaintiff.   Roberts v. Telephone Co., 166 Mo. 379.   (7) Likewise, instruction

293 Mo.—24

25, requested by the defendant and refused by the court, ought to have been given. Finuta v. Mfg. Co., 174 Mo. App. 88. (8) Likewise the court erred in refusing instruction 26, requested by the defendant.

*Howard Gray* for respondent.

(1) This is purely an action at law, and it has become elementary law in this State that the verdict of the jury if sustained by substantial evidence is conclusive as to the facts. Cowan v. Young, 282 Mo. 45. The jury had the right to take the testimony of the plaintiff himself and to the inferences of fact which might be drawn in any degree of propriety therefrom and base its verdict on such testimony, and as the trial court has overruled the motion for new trial, such finding by the jury is conclusive upon this court and not subject to review. Maginnis v. Mo. Pac. R. R. Co., 268 Mo. 667; Buesching v. Gas. Light Co., 73 Mo. 219. (2) Appellant earnestly insists that inasmuch as there was nothing hidden about the wringer and that it was easily started and stopped and the danger was visible and patent, the plaintiff was not entitled to any warning and the court should have sustained the demurrer. In this contention the appellant entirely overlooks another important factor and leaves out of consideration the question of the age and experience of the plaintiff and whether or not he appreciated the danger. Henderson v. Kansas City, 177 Mo. 477; Dowling v. Allen, 74 Mo. 13; Goins v. Railroad, 37 Mo. App. 221; Czernicke v. Ehrlich, 212 Mo. 395; Saller v. Shoe Co., 130 Mo. App. 712; Burger v. Railroad, 112 Mo. 238. (3) It is next asserted by appellant that as the machine was easily started and stopped and was all before the plaintiff, no warning was ncessary and the plaintiff assumed whatever risk there was in operating it, in either a good or defective condition. This is not the law. Saller v. Shoe Co., 130 Mo. App. 712; Vaneseler v. Box Co., 108 Mo. App. 629; Timmerman v. Frankel, Frank & Co., 172 Mo. App. 174; Burger v.

Mo., 112 Mo. 238; Bulson v. International Shoe Co., 191 Mo. App. 128; Plate v. Wire Co., 227 S. W. 899. (4) The fact that the plaintiff could not tell just exactly how he was injured would not have justified the court in sustaining a demurrer to the evidence, and the rule that when the injury may have been the result from one or two causes, for one of which the master would not be liable, the burden is cast on the servant to affirmatively prove that his injury was due to his master's negligence does not apply when the proof sustains the inference that the injury was the result of one or two causes created by the negligence of the master. Werner v. Street Rd. Co., 138 Mo. App. 1. (5) In passing on the plaintiff's case and considering the authorities, we must keep in mind two things in addition to the age and experience of the plaintiff, to-wit, he had only operated this machine a few minutes, and second, that he testified that he did not know anything about the dangers in operating it or that it was liable to jerk his arm from the shoulder in case it got into the basket. (6) There was no error in the argument presenting the plaintiff's case to the jury. Counsel for appellant takes the position that no argument is legitimate unless the court would have admitted evidence on the very point covered by the argument. This would exclude attorneys from quoting history, using illustrations, or calling jurors' attention to things which they had observed from their common experience. Hurst v. Railroad Co., 280 Mo. 566; Smith v. Railroad Co., 213 S. W. 481; Duffy v. Railroad Co., 217 S. W. 883; Hays v. Rys. Co., 183 Mo. App. 608; Hulse v. Railway Co., 214 S. W. 156; Thomas Madden, Son & Co. v. Wilcon, 91 N. E. 933; Dean v. Railroad Co., 129 S. W. 953. (7) The verdict in this case is not excessive. Daugherty v. Railroad, 97 Mo. 647; Waldheir v. Railroad, 87 Mo. 37; Miller v. Harpster, 273 Mo. 605; Ostertag v. Railroad, 261 Mo. 457; Hollenbeck v. Railroad, 141 Mo. 97; Hill v. Light & Power Co., 260 Mo. 43; Jackman v. Ry. Co., 231 S. W. 978. (8) Under appellant's point four, it complains of the action of the court in permitting Woods

and Barnard to testify that they steadied the basket with their hands.   This testimony was offered for the sole purposes of showing that it had been the practice for a long time of the adult employees of the defendant to use their hands in steadying the basket, and therefore tending to prove that the defendant knew of the practice, and if it was dangerous, to have warned the plaintiff against it, and meeting the defense of contributory negligence. Lindelof v. Wagon Co., 186 S. W. 537; Martin v. Cotton Oil Co., 194 Mo. App. 120.

WALKER, J.—This is an action for personal injuries received by plaintiff while in the employ of the defendant.   Upon a trial to a jury in the Circuit Court of Jasper County, where the injury was sustained and the action brought, a verdict was rendered in plaintiff's favor for twenty thousand dollars.   From the judgment rendered thereon, the defendant appeals.

The defendant is an incorporated company engaged in the manufacture of explosives at Carl Junction, Jasper County.   The plaintiff, at the time he was injured, was a boy between seventeen and eighteen years of age and was· working at a power wringer, which, as designated by defendant, is a centrifugal extractor for wringing clothes, but is used by the defendant in wringing the water from cotton in preparing the same for use in the manufacture of powder.   It is described as a heavy-load, high-speed machine, which, when in operation, is under great strain.   It consists of a basket and an outside shell.   The latter, with its legs and bearing base, is one solid casting, which, when installed, is bolted to the floor.   The basket is intended to revolve inside of the shell; it has a cast iron bottom, with perforated brass mesh on its sides; inside of same there is a screen of about one hundred mesh to the inch, to retain the cotton and at the same time permit the forcing out of the water. When the machine is in operation, the basket makes from nine hundred to fourteen hundred revolutions per minute, with an average surface speed of seven thousand

feet per minute.  There were no knives or cogs in the wringer.  When the pulp, consisting of cotton and water, was put into the basket, it was a mushy substance, which was completely dried after from two to four minutes operation of the wringer.  There was a cover for the basket intended as a safeguard, but it was not in use when the plaintiff was hurt.  The accident occurred July 3, 1919.  Prior to that date plaintiff and one Woods had been performing general work around the plant for defendant, but had not been employed at the wringer; those who had been thus employed had quit.  On the morning of the injury, as plaintiff testifies, he and Woods, after engaging in other work for about an hour, were directed by defendant's superintendent to operate the wringer.  This is denied by the latter, but plaintiff's testimony in regard thereto was corroborated and the jury gave it credence rather than the statement of the superintendent.  Thus directed, Woods and the plaintiff began to operate the wringer.  When it was started by plaintiff, it commenced to wobble and he used his fingers to steady it.  The heat of the basket, caused by its rapid revolutions, burned his fingers;  and he picked up a chisel and in the effort to use it to steady the basket, the suction caused by its rapid revolution jerked his right arm entirely off of his body at the shoulder.

I.  The manner in which the defendant has presented this case complies in no wise with the statute (Sec. 1511, R. S. 1919) and our Rule 15.  Instead of a fair and concise statement of facts without reiteration, statements of law or argument, a labored discussion based upon the defendant's interpretation of the evidence is submitted; instead of a statement in numerical order of the points ruled on with citations of authorities thereunder, as the statute and our rule requires, we are furnished with a repetition of the preliminary argument upon which the defendant relies for a reversal, followed by references to numerous cases, which are quoted from liberally to show by analogy that

Brief: Rule 15.

the evidence did not authorize the reference of this case to the jury, together with other matters of assignment which are presented in the same manner. All of this is classified by defendant as "Points and Authorities;" it is nothing more than an argument, long drawn out.

This manner of presenting a case would authorize, if the rule be enforced, a restriction of the court's consideration to the record proper.

The purpose of the statute (Sec. 4080, R. S. 1919) authorizing appellate courts to make and promulgate rules regulating this and other phases of procedure, was not simply one of form, nor to lessen the court's labor in prescribing a plain and easy course to be pursued, but for the appellant's benefit as well. The clear and succinct presentation of an issue cannot but aid in its proper determination, thus redounding to the benefit of the litigant. A disregard, therefore, of the statute and our rule has rendered a review of this case unnecessarily laborious. It has been made, however, instead of disposing of the appeal upon the record proper, that the appellant's assignments of error may receive such consideration as will prevent its suffering vicariously.

II. The contention that an instruction should have been given in the nature of a demurrer to the plaintiff's testimony is based primarily upon the assumption that there was not sufficient evidence to authorize the submission of the case to the jury. It will suffice to say **Demurrer to Evidence.** that there was evidence *pro* and *con* as to the nature of plaintiff's employment by the defendant, or, more particularly, whether he had been directed by defendant's superintendent to operate the wringer at the time he was injured. Other assignments alleging errors in the refusal of the trial court to give the demurrer are that plaintiff was warned to keep his hands out of the basket when the wringer was in operation; that he had worked at the wringer and was familiar with it; that the wobbling of the wringer

when the power was applied was due to plaintiff's negligence in not distributing the cotton uniformly in the basket. There was testimony introduced by the defendant which, if unchallenged, tended to support these contentions; but evidence directly to the contrary was adduced on the part of the plaintiff.

In passing upon the demurrer it became the duty of the trial court to make every inference of fact in plaintiff's favor that the jury might make with any degree of propriety. In so doing, the trial court was not at liberty to make inferences of fact in favor of the defendant to countervail either presumptions of law or inferences of fact in favor of the plaintiff. [Troll v. Drayage Co., 254 Mo. l. c. 337.] Pursuing the course thus defined, the court overruled the demurrer.

Our province in the premises is plain. This is an action at law; the case having been submitted to the jury as determinators of the probative force of the facts, they have given credence to the testimony of the plaintiff rather than that of the defendant, and have found for the former. We are not called upon to pass upon contested questions of fact. Unless, therefore, reversible error was committed in the admission or rejection of testimony or the giving or refusing of instructions, the verdict, having been sustained by substantial evidence, is conclusive as to the facts. [Cowan v. Young, 282 Mo. l. c. 45, and cases.]

Defendant further contending that the demurrer should have been sustained, insists that plaintiff assumed the risks of his employment; that whatever danger the operation of the wringer entailed was visible and patent and required no warning to the plaintiff, that armed with this knowledge, he is not entitled to recover. The age and inexperience of the plaintiff are to be taken into consideration in determining this question. The general doctrine announced in numerous cases is that although the danger in operating machinery may be visible, if by reason of the youth and inexperience of the operator, he does not

Assumption of Risks.

realize, or, in other words, is not aware of the danger to which he is exposed, it is the duty of the employer to warn him of his peril. [Czernicke v. Ehrlich, 212 Mo. l. c. 395, and cases.] The plaintiff was between seventeen and eighteen years of age when he was hurt. Prior to that time he had not attempted to operate the wringer. When required to do so, he received no information as to its character and no directions as to its operation. Under these facts the presumption of law is not inferable that the plaintiff was aware of the danger to which he was exposed and, hence, the question of defendant's liability was properly submitted to the jury.

What was said in Burger v. Railroad, 112 Mo. l. c. 249, is peculiarly appropriate in this connection, that "a boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness and discretion to avoid them which are possessed by the ordinarily prudent adult person. Hence, the rule is believed to be recognized in all of the courts of the country, that a child is not negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected from one of his years and capacity. Whether he used such care in a particular case, is a question for the jury." [Citing cases.]

It is further contended that the demurrer should have been sustained on the ground that the plaintiff could not tell exactly how he was injured, under the rule that where an injury may have been the result of one of two causes, for one of which the master would not be liable, the burden is on the servant to prove that his injury was due to the master's negligence. As was said in Werner v. Met. St. Ry. Co., 138 Mo. App. l. c. 6: "Obviously, this rule should not be applied to defeat a recovery in cases where the proof sustains an inference that the injury was the direct result of one of two or more causes, all created by the negligence of the defendant alleged in the petition. The burden of plaintiff in such cases is to point in his evidence

Two Causes.

Evans v. General Explosives Co.

to alleged negligence as the proximate cause, and it is not of vital importance that he should single out the specific negligent act or cause. When he completes the causal connection between the wrong averred and the resultant injury, he has fully discharged his burden and demonstrated that he has a cause of action, viz., a wrong of the defendant with a natural sequence of injury and damage to the plaintiff." This is nothing more than saying in fewer words, as was said in Newcomb·v. Railroad, 182 Mo. l. c. 721, that "the question of proximate cause does not arise in an action for personal injuries occasioned by an accident resulting from two or more causes for all of which the defendant is responsible." To a like effect are Williams v. Railroad, 169 Mo. App. l. c. 478, 155 S. W. 64, and Clark v. Long, 196 S. W. (Mo. App.) l. c. 415.

Finally, the contention is made that the demurrer should have been sustained on account of the use of the chisel by the plaintiff in steadying the operation of the wringer; that the defendant could not know that the plaintiff would use it for that purpose at the time he was injured, and that it should not be held liable for what it did not know and could not expect. The testimony shows that the defendant's superintendent saw those who had operated the wringer before the plaintiff, use the chisel for the same purpose it was used by him, and that it was so used by them every time they ran out a batch of cotton. In the exercise of ordinary care, the defendant, as represented by its superintendent, may be reasonably presumed to·have known not only that the employees were likely to use the chisel, but that they were using it. This presumption, however, need not be invoked in the face of the fact that the superintendent had actual knowledge of the manner in which the chisel was used. A boy of the age of plaintiff, finding that the revolving basket burned his fingers as he attempted to steady it, would instinctively use anything at hand rather than his fingers. The superintendent's knowledge of the use that was being made of the chisel

*Use of Chisel.*

made it incumbent on him, if the use was dangerous, to warn the plaintiff of same. The plaintiff, not having been warned, in merely following the example set by others in the use of the chisel, was not guilty of such negligence as to preclude the submission of his case to the jury.

III. It is contended that certain remarks made by the counsel for the plaintiff in his argument to the jury were prejudicial. They were as follows: "Gentlemen of the jury, there was a time when juries in cases of this kind would bring in a verdict for the plaintiff for from eight to ten thousand dollars, but the purchasing power of the dollar is only one half now what it was then."

Argument to Jury.

There is no merit in this objection. As was said in Dean v. Railroad, 129 S. W. (Mo.) 953, l. c. 962: "It was a mere argumentative suggestion to the jury as to the amount he thought his client was entitled to. The argument of defendant's attorney as to the amount of damages he thought ought to be awarded is not set out in the record, but if in his argument to the jury he said that in his opinion the plaintiff's injury was trivial, and his damages should be nominal or small, as he would have had a right to, and as he has argued before this court, the argument would have been of the same kind as that complained of." The ruling in the Dean Case was prompted by the following remark: "Take a verdict in this case of twenty thousand dollars, for instance. The interest on twenty thousand dollars would not bring the annual income that plaintiff's strength and health had brought him before."

The remarks of counsel in addressing juries are the fruitful cause of complaint on the part of appellants. Their injurious character, however, has never been held to consist in apt illustrations which, based upon the evidence, may aid the jury in finding a verdict. There was nothing in the remarks of Judge Gray in this case which could have in any wise misled or improperly influenced

the jury. It was evident that his comparison was based on his own knowledge, that it was made by way of illustration, and it could not have been otherwise understood. Hence, it cannot be construed to be prejudicial.

IV.  We are not inclined to disturb this verdict on account of its amount. Citations to cases for like losses of limbs furnish no reliable criteria for the determination of the proper amount of damages that should be awarded in a given case. A life or a limb may justly be of far more value in one case than in another.

Excessive Verdict. This, for reasons apparent to the inquiring mind, not necessary to be enumerated here.

A comparison therefore of the amounts awarded for damages in other cases cannot constitute a fair basis from which a reliable estimate can be made as to the reasonableness of this verdict. The plaintiff, when his right arm was torn from his body, was in the full flush of health; nature had endowed him with an excellent physique and a bright mind. Favored by opportunity and encouraged by inclination, he had acquired a high school education. With a sound mind in a sound body, the future beckoned with vistas of years of usefulness, a premonition of which had been given in his desire for learning, the regularity of his life and his industrious habits. The loss of his right arm under these circumstances did not mean merely a maimed body, but a life whose activities were thereafter to be limited and its possibilities for good forever impaired. The jury are far better judges as to the amount that should have been awarded to him than others; that amount is not such, in our opinion, as to show that they were influenced in determining same by other than testimony as to the gravity of the injury, and this contention will not be sustained.

V.  Complaint is made of the admission of the testimony of certain witnesses who had operated the wringer before the plaintiff to the effect that they had, when the

Customary
Operation.
basket wobbled, steadied it with their hands. The evident purpose of this testimony was to meet the charge of contributory negligence in showing that it had been the custom of the adult employees of the defendant to use their hands in steadying the basket as tending to show defendant's knowledge of the practice, and if dangerous, that plaintiff should have been warned.

Contributory negligence may be rebutted by showing that the thing done was customary or was done in the customary manner, especially when it is shown that it was with the knowledge of the master. [Martin v. Cotton Oil Co., 194 Mo. App. 1. c. 120, and cases; Lindelof v. Hoagland Wagon Co., 186 S. W. (Mo. App.) 537.]

Error is also assigned in permitting one Jackson to testify that he received an injury while placing his hand in the basket. Defendant was denying that the injury happened or could have happened by plaintiff

Other
Injuries.
putting his hand in the basket. It was proper therefore, to show the effect that would follow from such an act.

VI. The exhibition to the jury of plaintiff's shoulder bereft of the arm is urged as error. The general rule is that a plaintiff, with a proper regard for the bounds of propriety, may exhibit an injured member, or a portion of his body to the jury for the purpose

Exhibiting
Body to Jury.
of showing the extent of his injury. [14 R. C. L. sec. 26, p. 715, and cases cited under notes 17 and 18; 17 Cyc. 295; 17 C. J. p. 1056.] It was necessary for the plaintiff to remove his coat to render visible the extent of his injury; the trial court did not abuse its discretion in permitting him so to do to exhibit his shoulder to the jury.

VII. Instruction numbered one, given at the request of plaintiff, is claimed to be misleading and to contain an assumption not authorized by the testimony. This instruction hypothesizes all of the pertinent facts

Evans v. General Explosives Co.

Instructions. necessary for the jury to find in rendering their verdict. The confusion alleged to be created by the language used consists in the use of the words "cotton mixer" in referring to the operation of the wringer instead of the use of the latter word alone. The context of the instruction is such that there is no tenable ground on which to base defendant's assumption in this regard. The use of the words complained of was, therefore, not misleading and the jury could not have failed to understand when the operation of the wringer was referred to that the wringer itself was meant.

Nor does the instruction sustain defendant's contention that it assumes that the plaintiff knew nothing of the danger attending the operation of the wringer. It required the jury to find that the defendant knew, or by the exercise of ordinary care could have known, that the plaintiff was without knowledge of the danger, if any, in operating the wringer, and that the defendant, with such knowledge, instructed him to operate it without warning and that the plaintiff without knowledge of said danger undertook to steady the wringer and in so doing was in the exercise of ordinary care, as defined in the instructions, then the plaintiff was entitled to recover. This claim does not constitute an assumption that the plaintiff knew nothing about the danger. A criticism which might be urged to this instruction, of which however the defendant cannot complain, is that in requiring the plaintiff to have been without knowledge of the danger, it was more favorable to the defendant than it was entitled to.

Assumption of Fact.

A plaintiff's knowledge of peril will not be sufficient to defeat his right of recovery unless the defective condition of the machinery is of so glaring a nature as to threaten immediate danger. [Corby v. Tel. Co., 231 Mo. l. c. 442; George v. Railroad, 225 Mo. 367.]

Knowledge of Danger.

As was said in Morgan v. Mining Co., 160 Mo. App. 99, 141 S. W. l. c. 741: ''Mere knowledge on the part of deceased that there was danger in working with the appliances or instrumentalities furnished by his employer would not defeat the present action unless the peril was so obviously or glaringly dangerous as to threaten immediate injury, or unless it was unreasonable for him to suppose that he could safely use them, and by the exercise of reasonable care safely work in the place provided by his master in the performance of the work required of him.'' [Citing cases.]

Where the danger is concealed and is known to the employer but not to the employee, it is the duty of the former to notify the latter of its existence. A failure in this regard constitutes negligence as a matter of law. [Batesel v. Am. Co., 276 Mo. 210.]

The jury found that no warning had been given to the plaintiff and that he was in the exercise of ordinary care when hurt. The instruction sufficiently alleges these elements and is not erroneous. [Crowl v. American L. Co., 255 Mo. 305; Czernicke v. Ehrlich, 212 Mo. 386; Fortney v. Lime Co., 173 Mo. App. 404.]

If a precedent were needed to confirm the conclusion as to the correctness of the instruction, it may be found in the Crowl Case, supra.

Instruction numbered two is not subject to the objections made to it. If the plaintiff was in the exercise of ordinary care, as required by this instruction, he was not

Contributory Negligence.

guilty of contributory negligence, and the defendant, with a knowledge of his youth and inexperience, failed to give him warning of the danger of operating the wringer and the proper method of using same, and the plaintiff was exercising that degree of care reasonably expected of a prudent person of his age, experience and capacity, then the plaintiff was entitled to a verdict. The foregoing embodies the material allegations of this instruction and were authorized under the evidence.

In Batesel v. Am. Co., supra, in which this court adopted the opinion of the Springfield Court of Appeals, it was held that only one thing excuses a master from the duty to warn and instruct a young and inexperienced servant as to the hazards usually not comprehended by the inexperienced, and that the exception is found in cases wherein the person applying for employment holds himself out as capable of being able to perform the work with its attendant danger and as having a. knowledge and comprehension of same. It is further held in that case that where the servant says nothing about his experience and the master knows nothing in regard thereto, if the servant is ignorant and inexperienced, there arises a duty to warn him of danger not obvious to one without experience. The defendant was not authorized in assuming that the plaintiff was experienced. There is no evidence that he held himself out as such. He was a school boy, working during vacation, and it was the duty of the defendant in putting him at the wringer to have warned him of the source from which danger might come in the operation of same, and the information given should be so explicit as to have enabled him to avoid injury. [Deeds v. Railroad Co., 157 Mo. App. 464; Pekin Coop. Co. v. Mixon, 183 S. W. 524; Werner v. Street Ry. Co., 138 Mo. App. 1.]

The objections urged to instruction numbered three, which was given, have already been considered in discussing other phases of this case. They are without merit.

Instructions numbered four and five cover questions for the jury, and if, as we have held, the trial court was justified in overruling the defendant's demurrer to the evidence, then it must be conceded that the giving of these instructions was not error.

The change made by the court in instruction numbered eighteen, which had been asked by the defendant, in substituting the word "any" for the word "slightest" does not constitute an error of which the defendant is entitled to complain. This objection is not stressed and hence need not have been mentioned.

Defendant's instruction numbered twenty, defining the doctrine of the assumption of risk, was properly refused because it had been covered by the other instructions theretofore given.

It was not the theory from the evidence of either party that the plaintiff's injuries were the result of an assumed risk. The plaintiff claimed, first, that he was assigned to work with a dangerous mechanism without warning and, second, that it was defective. The defendant claimed that plaintiff was warned and that his injury was due to his own negligent act in using the chisel, and it did not then, and does not now claim that the injury was the result of the work if properly conducted. The question involved, therefore, was one simply of negligence and contributory negligence.

Defendant's instruction numbered twenty-four, in regard to the use of the chisel by plaintiff in connection with the operation of the wringer as the proximate cause of the injury, was properly refused. It ignores all the evidence as to whether the defendant did know or could have known by the exercise of ordinary care that the employees were using the chisel.

The refusal of defendant's instruction numbered twenty-six is assigned as error. It told the jury that if the defendant furnished a cover for the wringer so that same could have been easily obtained, and if **Protecting Machine.** the cover had been used, the accident would have been prevented; that taking into consideration the age and inexperience, etc., of the plaintiff, he knew or by the exercise of ordinary care might have known that the use of the cover would have made the wringer reasonably safe, and he failed to use said cover, then the plaintiff cannot recover. This instruction ignores the questions as to whether the plaintiff knew or had any reason to know that the wringer was not reasonably safe without the use of the cover or that there was any danger in using it without the cover. It was, therefore, properly refused.

Finding no error authorizing a reversal, the judgment of the trial court is affirmed. All concur.