CARTER MOTOR CO., INC., RESPONDENT, v. MILLER'S GARAGE & CONTRACTING CO., APPELLANT.—45 S. W. (2d) 101.

Kansas City Court of Appeals. December 7, 1931.

V. C. Rose, Jr. and Clare Magee for respondent.

Ray Mabee, Lorenzo Jones and J. E. Turner for appellant.

ARNOLD, J.—This is an appeal by defendant from a judgment in favor of the plaintiff in the circuit court of Mercer county, Missouri. The suit originated in Putnam county and on change of venue was tried in Mercer county.

At the threshold of the appeal we are confronted with respondent's motion to dismiss the appeal on the ground that the statement filed by appellant does not consist of a "fair, clear or concise statement of the case without argument or reference to issues of law." In support of the motion it is charged the statement is in

552

flagrant violation of our rule 16, relating to statements by appellant or plaintiff in error. Our rule 16 provides:

". . . the statement filed by the appellant shall consist of a clear and concise statement of the case without argument, reference to issues of law or repetition of testimony of witnesses, . . . The purpose of this rule is to enable the court to be informed of the material facts of the case by the statements, without being compelled to glean them from the abstract of the record."

The statement challenged in the motion to dismiss the appeal recites the cause originated in the circuit court at Unionville, Putnam county, where respondent filed its petition and caused writ of summons to be issued and served upon appellant, following which, on application of appellant for change of venue it was transferred to the circuit court at Princeton, Mercer county, Missouri, and a proper transcript was sent to the clerk of the latter court, the pleadings made up and the cause tried, resulting in a verdict and judgment for plaintiff, and in due time motion for a new trial filed and overruled and an appeal taken to this court.

In support of the motion to dismiss the appeal respondent states as follows:

"On page 3 of appellant's brief is the following: 'and respondent bases its entire claim for a cause of action upon the allegation that the crane broke down and was not thereafter repaired by appellant and put back to work, resulting in the loading by laborers using shovels, a slower process, respondent completely ignoring that portion of the contract which says:' and then follows excerpts from the contract.

"Toward the close of page 3, again appears a similar statement: 'And, also completely ignoring that part of said contract between appellant and respondent reading as follows:' and then follows another clause from the contract. And on page 4, another statement followed by quoting from the contract.

"A reference to respondent's petition (Abs. of the Record, p. 2), shows that the total sum sued for was $5484.90, after credits given, and that of this amount only $1936.12, was in the nature of damages as a result of the crane breaking. The major portion sued for was for an alleged unpaid sum for work done under the contract. Appellant's statement that the entire sum sued for was because of the breaking of the crane is false and wholly misleading and not a fair statement."

It is urged appellant's statement fails to show the fundamental items making up the judgment. We find this charge to be true. It is also urged that the charge in appellant's statement that respondent completely ignored parts of the contract is purely argumenta-

tive, and we find this charge is justified. Further, the statement of appellant does not clearly inform the court of the issues raised by the pleadings and evidence, and does not inform the court of respondent's position in the case. Thus we are without a clear statement of the issues involved. Respondent further points out, in support of its motion, that:

"On page 5 of appellant's brief is this: 'Appellant was forced to put some of its own trucks to hauling gravel and to employ still other trucks in order to have the gravel hauled.' This was a disputed issue in the case and appellant is merely stating its own conclusion in the matter and ignores the respondent's evidence on this question.

"Again, on page 5, is the statement that 'respondent was to furnish certain kinds of insurance to protect appellant, which it failed to do.' There is nowhere in the evidence anything *pro* or *con* concerning whether respondent furnished insurance. This was never raised in the pleadings or mentioned in evidence."

On careful examination of the statement furnished by appellant we hold respondent's position is correct, and that there are no facts stated in reference to the issues described sufficient to give us a clear understanding of the case. There is no reference to respondent's testimony. The facts shown in the statement are wholly from appellant's view point and ignores any evidence on the part of respondent. The statement must be held not to be good, under our rule 16. [Marks v. Phonograph Co., 236 S. W. 900, 901; Loomis v. Phoenix Insurance Co., 10 S. W. (2d) 956.] In the latter case it is said:

"His statement does not inform us of the facts of the case, and we would have been able to arrive at the facts only by a laborious search of the record. It is this very contingency our rule 16, is designed to avoid. . . . We held in Farm Mortgage & Loan Co., 271 S. W. 873, that a so-called statement of facts, intermingled with parts of pleading and evidence, interspersed with argument, violates our rule 16, and that a statement of fact requiring a resort to the record for an understanding of the case, violates our rule 16, which was enacted pursuant to section 1611, Revised Statutes 1919, and requires a dismissal of the appeal."

The Supreme Court invokes a similar rule in Evans v. General Explosives Co., 293 Mo. 364, 373, 239 S. W. 487; and in Kirby v. Balke, 306 Mo. 109, 266 S. W. 704, 707.

In its supplemental brief appellant attempts to make some point of the fact respondent's counsel signed the following receipt for appellant's brief which contained the statement here attacked:

"August 27, 1931.

"Copy received, time and form waived with consent to file out of time."

And it is argued respondent's motion should be overruled because respondent waived objection as to "time and form." This position is untenable. Our rules were promulgated for the guidance of counsel and for the court's protection, and counsel for neither litigant is authorized to waive any of the requirements thereof. The motion to dismiss is sustained and the appeal is accordingly dismissed, under provisions of our rule 18, which provides penalty for failure to ·comply with our rule 15. All concur.