The PETERSON COMPANY, a corporation (Plaintiff), Respondent,

v.

Margaret Lucille LANDES (Defendant), Appellant.

No. 22228.

Kansas City Court of Appeals.

Missouri.

June 6, 1955.

Harry Howard, Kansas City, for appellant.

Byron E. Mintonye, Kansas City, for respondent.

CAVE, Judge.

This is an appeal from a judgment in favor of the plaintiff (respondent) and against defendant (appellant) for $2000.

We are immediately confronted with a motion to dismiss the appeal because appellant's brief does not comply with 42 V.A. M.S. Supreme Court Rules, rule 1.08, in certain respects.

The material part of this rule, as amended, effective December 1, 1954, reads: "1.08 * * * The brief for appellant shall contain: (1) A concise statement of the grounds on which the jurisdiction of the review court is invoked; (2) *A fair and concise statement of the facts without argument*; (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citation of authorities thereunder; * * * (b) The fair and concise statement of the *facts* shall be in the form of a statement of the *facts* relevant to the questions presented for determination. * * * If desired, such statement may be followed by a statement of *testimony* of each witness relevant to the points presented. (c) The statement of the *facts* and the argument shall have specific page references to the transcript

on appeal, * * *. (d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule. * * *" (Italics supplied.)

This rule was amended to conform to the requirements and standards announced by the court en banc in Ambrose v. M. F. A. Co-Operative Ass'n, Mo., 266 S.W.2d 647.

It is perfectly apparent that Rule 1.08 requires, among other things, that appellant's brief shall contain "a fair and concise statement of the *facts* without argument"; that, "The fair and concise statement of the *facts* shall be in the form of a statement of the *facts* relevant to the questions presented for determination"; and that, "The statement of the *facts* * * * shall have specific page references to the transcript on appeal, * * *".

In the instant case, appellant's brief correctly states the jurisdiction of this court. However, under the heading, "Statement of Facts", we find only a resume of the allegations of plaintiff's petition and a rather full statement of the allegations of defendant's answer and counterclaim, and that plaintiff's reply denied the allegations of the amended answer. Then follows the statements; that a jury was waived and the cause submitted to the court resulting in judgment for plaintiff for $2,000; that defendant filed motion for new trial which was overruled; and she perfected her appeal.

There is not a single statement of fact, although the transcript filed shows approximately 260 pages of testimony. This is not a case where a statement of facts is claimed to be defective or insufficient. There is no statement of facts at all. A résumé of the pleadings may present the issues before the trial court, but that will not relieve an appellant of the duty of making a reasonably fair statement of the facts presented below.

To emphasize the burdensome and almost hopeless task assigned us, we note that appellant's first error charged is, "The petition declared on two contracts and the evidence shows that neither contract was performed". The second assignment is, "The evidence is undisputed that the incompleted structure erected by respondent has been of no value to appellant". Third: "The evidence is undisputed that respondent left the structure in such bad condition as to necessitate appellant's expenditure of $1,118.45, as alleged in her amended answer." Fourth: "The evidence is overwhelming that respondent negligently delayed construction of the structure beyond the contract time; * * *". In the argument, appellant does not recite any of the evidence, but merely states her conclusions of what the evidence shows.

Assuming, without deciding, that appellant's "Points" are sufficient under amended Rule 1.08, it is perfectly apparent that all of them relate to the evidence, none of which is contained in her brief.

Such a complete violation of the rule cannot be overlooked, excused or condoned.

The requirements as to what appellant's brief shall contain under Rule 1.08 are almost identical with the requirements under former Supreme Court Rule No. 15. (See Volume 351, Missouri Reports, or prior volumes.) In Seifert v. Seifert, Mo. Sup., 52 S.W.2d 817, the court was discussing the identical question before us, and said, page 818: "Appellant did not even attempt to make a statement of the facts. In this state of the record, under the plain mandate of the statute and the rules of the court, it is our duty to dismiss the appeal." (Citing many cases.) In the very recent case of Page v. Laclede Gas Light Co., Mo.Sup., 245 S.W.2d 23, the court discussed the precise question before us and dismissed the appeal because the "statement" did not purport to tell the facts of the case. For a full discussion of the requirements of Rule 1.08, we sug-

gest a careful study of Ambrose v. M. F. A. Co-Operative Association, supra.

We are aware of Rule 1.28 which provides that, "These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits". The appellate courts have been quite liberal in resorting to Rule 1.28 in order to avoid the dismissal of an appeal. But an examination of those cases will disclose that the statement of facts was merely defective, insufficient or intermingled with argument and legal questions. We have no such situation before us.

There is another line of cases where appellant's statement contained only the facts favorable to appellant. Under such circumstances, the courts have not hesitated to dismiss the appeal on motion. See Carter Motor Co., Inc., v. Miller's Garage & Contracting Co., 226 Mo.App. 551, 45 S.W.2d 101; Kleinhammer v. Kleinhammer, Mo.App., 225 S.W.2d 377.

■ Of course, Rule 1.08, as well as all other rules of the court, should be liberally construed. But we do not believe *liberality* justifies a complete ignoring of the rule.

In Sullivan v. Holbrook, 211 Mo. 99, at page 104, 109 S.W. 668, at page 670, the court discussed the need and reason for an appellant to reasonably comply with the rules, and said: "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not in-

jure." This language was cited with approval in the Ambrose case, supra.

The penalty for failure to comply with Rule 1.08 is dismissal or an affirmance of the judgment, "unless good cause is shown or the interests of justice otherwise require". See Rule 1.15. *Good cause* is not shown and we do not believe the court is called upon to carefully read and analyze approximately 260 pages of testimony, without any assistance from appellant, in an effort to determine whether the trial court might possibly have arrived at a wrong conclusion.

From what we have said, the appeal should be dismissed. It is so ordered.

BROADDUS, J., and ROSE, Special Judge, concur.

DEW, P. J., not sitting.